**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 2:03-CR-74** |
| | ) | **Judge Greer** |
| **SHARON CAMPBELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendant's motion for reduction of sentence, [Doc. 476], pursuant to 18 U.S.C. § 3582(c), based on the 2007 amendment to the Sentencing Guidelines which reduce the base offense level for crack cocaine offenses (Amendment 706) and which was made retroactive effective March 3, 2008. See USSG § 1B1.10 (Revised Dec. 11, 2007). Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The 2007 amendment, effective November 1, 2007, generally reduced by two levels the offense level applicable to crack cocaine offenses. The parties have filed a joint response to the defendant's motion [Doc. 483] and no hearing is requested by the defendant.

The defendant, upon her plea of guilty, was convicted of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Applying the 2003 version of the Sentencing Guidelines, her base offense level was determined to be 36 (for offenses involving at least 500 grams, but less than 1.5 kilograms of crack cocaine). The base offense level was reduced by two levels because she met the criteria for the safety valve, USSG § 2D1.1(b)(6)[1], and three additional levels pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of 31 and a criminal history category of I and a guideline range of imprisonment of 108 to 135 months. The motion of the United States to depart downward pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) was granted and the defendant was sentenced, on June 7, 2004, to a term of 78 months imprisonment, the bottom of the applicable guidelines range after a three level downward departure.

The parties agree that Amendment 706 would reduce the advisory guidelines range in defendant's case and that the Court has the discretion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). They also agree that the guidelines range under amended USSG § 2D1.1 is 87 to 108 months[2] and that USSG § 1B1.10(b)(2) limits the Court's discretion to reduce the defendant's sentence below 63 months under the circumstances of

---

[1] Although the defendant was subject to a mandatory minimum ten year sentence, the Court had authority to impose a sentence without regard to the mandatory minimum.

[2] The base offense level under the amendment is 34, less two levels for safety valve and three levels for acceptance of responsibility under § 3E1.1, for a total offense level of 29 with a criminal history category of 1.

this case. Section 1B1.10(b)(2) limits a reduction in sentence where the original sentence, as here, was less than the term of imprisonment provided by the guidelines range applicable at the time of sentencing, to a sentence "comparably less than the amended guideline range." Therefore, a comparable reduction under the amended guideline range would be a term of 63 months (approximately a 28 percent reduction below the 87 month minimum term of imprisonment provided by the amended guideline). USSG § 1B1.10(b)(2), App. Note 3.

The defendant seeks a reduction to 63 months of imprisonment, the maximum reduction authorized by § 1B1.10(b)(2). The United States leaves the extent of reduction, if any, to the discretion of the Court but does not otherwise object to defendant's motion.[3] In determining whether a reduction is appropriate and the extent of the appropriate reduction, 18 U.S.C. § 3582(c)(2) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a). Section 1B1.10 further requires the Court consider public safety considerations, *i.e.* "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . ." USSG § 1B1.10, App. Note 1(B)(ii). Additionally, the Court "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment . . ." USSG § 1B1.10, App. Note 1(B)(iii).

The only reason appearing in the record for the Court's original three level

---

[3] The defendant has attached a chart to her "Emergency Motion To Expedite Ruling On Motion Filed Pursuant To 18 U.S.C. § 3582(c) To Modify Sentence" which erroneously suggests that the government has recommended a sentence of 63 months.

departure from the otherwise applicable guidelines range was the defendant's substantial assistance to the government. In determining where within the resulting guidelines range to sentence, *i.e.* 63 to 78 months, the Court was guided by an evaluation of the factors set forth in 18 U.S.C. § 3553(a). Consideration of those factors leads this Court to impose a sentence at the top of the range, that is, 78 months. A review of the same factors leave this Court to the conclusion that a comparable reduction in the defendant's sentence is now appropriate,[4] unless there are public safety considerations or post-sentencing conduct of the defendant which makes such a sentence unreasonable. As noted in the "Memorandum Regarding Retroactivity" from the U. S. probation office and the original presentence report, the defendant has no prior convictions for violent crimes and no other public safety considerations are apparent, nor were any called to the Court's attention by the government.[5]

The U.S. probation office was "unable to locate any information that would indicate the defendant is a risk of danger to any person or the community." Additionally, information from the Bureau of Prisons establishes that the defendant has not been a disciplinary problem

---

[4] As reflected in the "Revised Memorandum Regarding Retroactivity" received by the Court on April 4, 2008, the defendant was admitted to BOP's intensive drug treatment program on March 14, 2008, and is scheduled for completion of the program in October, 2008. The Court is aware that this reduction in sentence may make the defendant eligible for release from BOP custody before she completes the drug program. While the Court considers both the drug program and halfway house placement important to defendant's success on supervised release, it would be unfair to the defendant and would defeat the purpose of the guidelines amendment to deny her motion on these grounds. It is hoped however, that the defendant will receive the maximum drug treatment and counseling available to her before release by BOP.

[5] The defendant does have prior state convictions for reckless driving and driving while intoxicated. These offenses were committed, however, in 1976 and 1985 and, while these convictions do raise public safety concerns, the age of these convictions significantly minimizes the danger of repeat offenses.

during her term of imprisonment.

Therefore, it is ORDERED that the defendant's motion pursuant to 18 U.S.C. § 3582(c), [Doc. 476] is GRANTED and the defendant's sentence is reduced to 63 months of imprisonment. It is further ORDERED that this order shall not take effect for ten (10) days, day for day) from its entry. It is further ORDERED, except as provided herein, that all other provisions of the Court's judgment of June 16, 2004, shall remain in effect.

ENTER

                                                        s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE